IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH CLARA DAVIES, | ) | CASE NO. 1:10 CV 2012 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action by Deborah Clara Davies under 42 U.S.C.§ 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2]

The parties have briefed their arguments[3] and participated in an oral argument.[4] Based on the record, the positions developed by the parties, and the applicable law as set forth below, I will recommend finding that the decision of the Commissioner was not supported by substantial evidence and that this case should be remanded for further proceedings.

---

[1] Non-document order of September 9, 2010.

[2] ECF # 1.

[3] ECF # 14 (Davies' fact sheet); ECF # 17 (brief and fact sheet of Commissioner); ECF # 19 (Davies' brief).

[4] ECF # 22.

## Facts

**A.    Background**

Davies, who was age 53 at the time of the 2009 hearing,[5] is a high school graduate who previously worked as a bus driver, factory worker/ assembler, nurse's aid, food preparer, and a cleaner in a ball park.[6]  She testified that she applied for disability because of shoulder, back, and arm pain that followed a fall in 1994.[7]  Specifically, she stated that she has not been able to lift her hands over her head for approximately five years because doing so made her arms hurt.[8]  Further, she testified that her back has hurt for 10 to 15 years.[9]  For pain relief, she has taken Percocet, OxyContin, and Soma, and has recently received nerve blocks, which proved helpful for a month.[10]  Davies testified that because of pain she has three "bad days" per week with a pain level of six out of ten.[11]

Davies further testified that she stopped working because she could no longer stand for eight hours a day, and it was too difficult to lift things.[12]  She did, however, state that she

---

[5] Transcript ("Tr.") at 27.

[6] *Id*. at 150.

[7] *Id*. at 29-30.

[8] *Id*. at 30, 33.

[9] *Id*. at 30.

[10] *Id*. at 30-31.

[11] *Id*. at 33.

[12] *Id*. at 28.

could sit for two hours at a time, stand in lines, and walk up to one-half mile before needing to stop for a break.[13]  As the ALJ noted, although Davies can cook and do some light housework, she relies on her husband to vacuum and mop, and to lift pots and pans.[14]

**B.    ALJ's decision**

The ALJ, whose decision became the final decision of the Commissioner, found that Davies had severe impairments consisting of degenerative joint disease of the lumbar spine and impingement syndrome of both shoulders.[15]  The ALJ then made the following finding regarding Davies's residual functional capacity (RFC):

> The claimant has the residual functional capacity to do a range of light work (20 CFR 404.1567(b) and 416.967(b)).  Specifically, she can lift, carry, push and/or pull 10 pounds frequently and 20 pounds occasionally and can sit, stand and/or walk for 6 hours each in an 8-hour day work day with normal breaks. She is precluded from using ladders, ropes and scaffolds and is also precluded from work above shoulder level, bilaterally.[16]

After relating relevant background facts, the ALJ then found that although Davies' medically determinable impairments could reasonably be expected to cause the identified symptoms, he further found that her statements as to intensity, persistence, and limiting effects were not credible insofar as they were not consistent with her RFC.[17]

---

[13] *Id*. at 34-35.

[14] *Id*. at 14.

[15] *Id*. at 13.

[16] *Id*. at 13-14.

[17] *Id*.

As for the RFC determination, the ALJ observed that the state examining physician, Franklin Krause, M.D., found "marked limitations" in both of Davies' shoulders, and further noted that an x-ray of her lumbar spine showed degenerative disease of the facet joints of L4/L5/S1.[18] In Dr. Krause's opinion, Davies could sit, stand and walk for a prolonged period and was capable of working at "table top level."[19]  The ALJ found that Dr. Krause's opinion was supported by substantial evidence and was given weight.[20]

Similarly, the ALJ noted an examination by Edwin Capulong, M.D., which found Davies had limited lumbar range of motion and tenderness of muscles in the lumbar area.[21]

Based on the RFC finding, the ALJ found Davies capable of her past relevant work as a packer/assembler[22] and, therefore, not under a disability.[23]

Following an answer to a hypothetical question posed to the vocational expert (VE) at the hearing which set forth the RFC finding quoted above, the ALJ determined that a significant number of unskilled jobs at the light level of exertion existed locally and nationally that Davies could perform.[24]

---

[18] *Id*. at 15.

[19] *Id*.

[20] *Id*.

[21] *Id*.

[22] *Id*.

[23] *Id*. at 16.

[24] *Id*. at 15.

## C.    Davies' arguments

Davies asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Davies raises two issues:  (1) whether the RFC finding, and the hypothetical question posed to the VE, are supported by substantial evidence; and (2) whether the ALJ's determination that Davies was not credible as to her limitations and symptoms was also supported by substantial evidence.[25]

In her credibility argument, Davies argues that the ALJ's determination on this issue was not supported by substantial evidence because the ALJ failed to analyze credibility according to Social Security Regulation (SSR) 96-7p.[26]  In particular, Davies asserts that the ALJ erred in relying on the findings of Dr. Krause, the consultative examiner, to provide evidence that Davies was not credible on the effects of her impairment.[27]  Davies maintains first that because Krause rendered his opinion in June of 2007, that opinion did not address later objective medical findings such as a 2008 x-ray of the lumbar spine, a 2009 MRI of the lumbosacral area, and 2009 spinal injections for pain that showed Davies' condition had worsened.[28]

---

[25] ECF # 19 at 1.

[26] *Id.* at 4.

[27] *Id.*

[28] *Id.* at 6.

-5-

In addition, Davies argues that her "persistent efforts to obtain pain relief, including years of multiple pain medications, nerve block injections and physical therapy," all support a finding of credibility as to pain according to the provisions of SSR 96-7p.[29] Further, Davies asserts that the ALJ failed to meet the required standard for articulating a finding on credibility, which preclude conclusory statements and require "sufficiently specific" analysis for purposes of subsequent review.[30]

Moreover, Davies claims that if the VE had been given an RFC that truly reflected her need to have a sit-stand option, he would have concluded that she was employable only at the sedentary level and so found no jobs available.[31]

## Analysis

### A.    Standard of review

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact,

---

[29] *Id*. at 7.

[30] *Id*. at 8.

[31] *Id.*  A sit/stand option is not necessarily inconsistent with a sedentary RFC. *Wiergowski v. Comm'r of Soc. Sec.*, 97 F.3d 1453, 1996 WL 520786, at *3 (6th Cir. 1996) (unpublished table opinion).  Nevertheless, because such an option "precludes a wide range of work at any exertional level," the hypothetical to the VE must include that limitation if substantial evidence will not support a decision to omit it. *Hagins v. Comm'r of Soc. Sec.*, 62 F. App'x 84, 85 (6th Cir. 2003).

if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[32]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[33] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[34]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**B.    Application of standard**

As discussed above, the two issue raised by Davies interrelate and center on whether substantial evidence exists to support the RFC finding. If, as the ALJ determined, Davies

---

[32] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[33] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[34] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

-7-

was not fully credible as to pain, then the RFC finding would be supported by the opinion of Dr. Krause, the examining physician. If, however, the ALJ improperly credited Dr. Krause because his opinion pre-dated significant, contrary evidence, and further erred in discounting Davies' own testimony on pain, then Davies argues that the RFC here would include greater limitations and thus preclude the VE from reaching his conclusion.

So framed, I note first that this is not a case where the challenge to the credibility determination involves simply second-guessing the ALJ's own direct observations of the claimant. In such cases, it is well-settled that the ALJ's findings as to credibility are entitled to great deference from a reviewing court because the ALJ had "the opportunity to observe the claimant and assess his subjective complaints."[35]

Rather, this case involves application of "the analytical scheme created by the Social Security regulations," wherein "objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity."[36] Those regulations further provide that in making a determination on a claimant's credibility as to pain, the ALJ should consider various factors, including "the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain."[37]

---

[35] *Cross v. Commissioner*, 373 F. Supp. 2d 724, 732 (N.D. Ohio 2005) (citations omitted).

[36] *Id*.

[37] *Id*. (citing 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii)).

That said, as a practical matter, the presence of objective medical evidence obviously carries great weight in determining whether a claimant's subjective complaints of pain are credible.  But, the factors listed earlier are "intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence.  When a claimant presents credible evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.[38]

In this case, Davies correctly notes that in making his credibility finding the ALJ did not articulate that he considered her years of taking multiple pain medications or receiving nerve block injections and physical therapy; factors, as noted above, that the regulations specifically require the ALJ to consider in making such a finding.[39]  Even if, as the ALJ concluded, Dr. Krause's objective findings would not necessarily support Davies' complaints as to pain, Davies did present credible evidence as to factors listed in the regulations that, if properly considered, may have justified "the imposition of work-relate limitations beyond those dictated by the objective medical evidence."[40]

More importantly, as described above, that the objective medical evidence relied on by Dr. Krause for his RFC did not include additional objective medical tests performed later, which revealed that Davies' condition had worsened.  "[W]hen an ALJ makes a finding of

---

[38] *Id*.

[39] The ALJ makes a perfunctory reference to medication and nerve block injections, without any reference to the specific medication prescribed or the effects of the medication and therapy.  Tr. at 15.

[40] *Cross*, 373 F. Supp. 2d at 732.

work-related limitations based on ... an outdated source opinion that does not include consideration of a critical body of objective medical evidence," substantial evidence does not support such a determination, and remand is required.[41]

Accordingly, for the foregoing reasons, I recommend finding that substantial evidence does not support the Commissioner's decision in this case and, thus, should be remanded for further proceedings consistent with this recommendation.

## Conclusion

For the reasons stated, I recommend finding that substantial evidence does not support the decision of the Commissioner that Davies had no disability.  Accordingly, I further recommend that this case be remanded for further proceedings.


Dated:  February 14, 2012                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[42]

---

[41] *Kizys v. Commissioner*, 2011 WL 5024866, at * 2 (N.D. Ohio Oct. 21, 2011) (citing *Deskin v. Commissioner*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008).

[42] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-10-