UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBORAH CLARA DAVIES, ) | Case No.: 1:10 CV 2012 |
| Plaintiff ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| Defendant ) | <u>ORDER</u> |

The Commissioner of Social Security (the "Commissioner") denied disability benefits to Plaintiff, Deborah Clara Davies ("Plaintiff"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge William Baughman for preparation of a report and recommendation. Both parties submitted briefs on the merits. Plaintiff sought an order reversing the Administrative Law Judge's ("ALJ") decision and awarding her a Period of Disability, Disability Insurance Benefits, Supplemental Security Income Benefits, and reasonable attorney's fees and expenses. In the alternative, Plaintiff requested that the case be remanded to the ALJ for further development and proper consideration of her pain and other allegations of limitation. Plaintiff argued that the decision of the ALJ is erroneous as a matter of law and is not supported by substantial evidence.

On February 14, 2012, Magistrate Judge Baughman submitted his Report and Recommendation ("R&R"), recommending finding that the Commissioner's decision was not supported by substantial evidence and that the case should be remanded for further proceedings. (ECF No. 23) Magistrate Judge Baughman found that the ALJ did not articulate

whether he considered Plaintiff's years of taking multiple pain medications or receiving nerve block injections and physical therapy. (*Id*. at 9.) He found that had these factors been properly considered, as required by Social Security regulations, they may have justified work-related limitations beyond those dictated by objective medical evidence. (*Id*.)

Magistrate Judge Baughman found that the ALJ, while relying on the objective medical evidence provided by Dr. Krause, the examining physician for Plaintiff's residual functional capacity assessment, failed to address the effect, if any, which additional objective medical evidence had on Plaintiff's condition. (*Id*.) That evidence consisted of x-rays and an MRI. (*Id*. at 5.) Magistrate Judge Baughman thus concluded that the ALJ relied on an outdated source opinion that did not include a critical body of objective medical evidence. (*Id*. at 10.) Consequently, the case needs to be remanded for further proceedings consistent with his recommendation.

Defendant has submitted objections to the Report and Recommendation, asserting that the ALJ "reasonably evaluated Plaintiff's allegations of disabling pain." (Objections at 3, ECF No. 25.) Defendant maintains that the ALJ "fully considered the pain medications Plaintiff took and specifically noted the individual names of the medications." (*Id*.) Defendant contends that the "ALJ considered the full range of objective medical evidence – including evidence post-dating Dr. Krause's residual functional capacity assessment– and reasonably determined that Plaintiff's allegations of disabling pain were not fully credible." (*Id*.) Therefore, Defendant concludes, "the ALJ's determination that Plaintiff was only credible to the extent her statements were consistent with the residual functional capacity determination was supported by substantial evidence." (*Id*. at 5.)

Plaintiff has filed a reply to Defendant's objections. (ECF No. 26.) Plaintiff asserts that, although the ALJ "specifically noted the names of the medications . . . . the medications, or the nerve block injections which were also attempted, were not mentioned in the credibility analysis made by the Commissioner." (*Id*. at 2.) Plaintiff also contends that "the Magistrate

Judge was correct in his conclusion that the ALJ's complete reliance on the opinion of Dr. Krause was not supported by substantial evidence because it failed to consider subsequent evidence of the worsening of the Plaintiff's condition." (*Id*.) Plaintiff argues that although Defendant "goes into a lengthy analysis of the record in an attempt to justify the ALJ's decision . . . . the ALJ did not make such an analysis, and the Defendant's attempt to fill the gap is not evidence." (*Id*.)

The court finds, after *de novo* review of the Report and Recommendation and all other relevant documents, the second reason advanced by Magistrate Judge Baughman to be well-taken for the reasons stated below, but refuses to adopt the first reason. While Defendant is correct that the ALJ mentions the later medical information from 2008 and 2009, the ALJ fails to indicate whether it confirms Dr. Krause's 2007 assessment regarding Plaintiff's residual functional capacity, or indicates a worsening of Plaintiff's condition. The ALJ wholly fails to provide any analysis of this more recent medical information.

The court finds that the ALJ erred in failing to indicate the extent to which he considered the later medical information in reaching his conclusion. Therefore, the case is remanded to the ALJ with the instruction that Plaintiff's residual functional capacity be evaluated in light of the more recent medical evidence. While the court does not adopt the first reason advanced by Magistrate Judge Baughman regarding credibility, the court adopts as its own his Report and Recommendation as to the second reason that he advanced, and finds that there is not substantial evidence supporting the decision of the Commissioner. This case is remanded for further proceedings consistent with this Order. (ECF No. 23.)

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 29, 2012